FILED
SUPERIOR COURT
OF GUAM

2022 SEP 13 AM 10: 23

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ANGEL MIGUEL DIAZ CRUZ,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JOSEPH M. M. CRUZ,<br><br>                    Defendant. | CIVIL CASE NO. CV1396-19<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Dismiss for Failure<br>to State a Claim* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 2, 2022, for a hearing on Defendant's Motion to Dismiss for Failure to State a Claim. Present at the hearing were Plaintiff's Counsel Wayne Francis Gumataotao, and Defense Counsel Curtis Van De Veld. Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim.

## BACKGROUND

The instant case arises from Plaintiff's Verified Complaint filed on December 6, 2019, alleging that Defendant fraudulently caused two parcels of Plaintiff's property to be deeded to Defendant as the grantee. V. Compl. pp. 2 - 3 (Dec. 6, 2019). About three months later, Defendant filed his first Motion to Dismiss for Failure to State a Claim. Plaintiff filed his Opposition on March 20, 2020, and a hearing on the motion was held on February 17, 2022. The Court later issued its Decision and Order on April 15, 2022, wherein it granted Defendant's Motion to Dismiss for Failure to State a Claim and granted Plaintiff leave to amend his Complaint within 30 days. The Court specifically found that while Plaintiff plead the elements of fraud with sufficient particularity, Plaintiff failed to sufficiently allege the Court's jurisdiction as it relates to the statute of limitations for fraud claims. *See* Decision & Order p. 6 – 7 (April 15, 2022).

On April 20, 2022, Plaintiff filed his First Amended Verified Complaint, which is virtually identical to the original Verified Complain filed on December 6, 2019. The only difference between the amended complaint and the original complaint is the allegation in paragraph 12.[1]

Then on April 29, 2022, Defendant filed the instant Motion to Dismiss for Failure to State a Claim. Defendant argues that the amended allegation in paragraph 12 fails to show jurisdiction with an adequate description of fact that the statute of limitations has not run and jurisdiction

---

[1] Paragraph 12 of the Verified Complaint:
> Plaintiff *only recently discovered* sufficient facts to form his good faith belief that Defendant committed fraud as described with particularity herein and above.

V. Compl. p. 3 (Dec. 6, 2019) (emphasis added).

Paragraph 12 First Amended Verified Complaint:
> Plaintiff *discovered upon oresentation [sic] of the herein described documents with advice on or about November 29, 2019,* sufficient facts to form his good faith belief that Defendant committed each fraud as described with particularity herein and above.

First Amend. V. Compl. p. 3 (April 20, 2022) (emphasis added).

exists. Plaintiff filed his Opposition on May 23, 2022, and Defendant filed his Reply on June 16, 2022. A hearing on the instant motion was held on August 2, 2022, wherein the parties made their arguments and the Court took the matter under advisement.

## DISCUSSION

Defendant argues that to avoid dismissal, Plaintiff must plead fraud and any tolling with particularity sufficient to show that the statute of limitations has not lapsed. Def's Mot. p. 3 (April 29, 2022). Therefore, the issues before the Court are threefold: (1) determine whether Plaintiff sufficiently pleads fraud with sufficient particularity; (2) identify when the statute of limitations begins; and (3) determine whether Plaintiff sufficiently pleads the Court's jurisdiction as it relates to the statute of limitations. The Court addresses each in turn.

## I. PLAINTIFF PLEADS THE ELEMENTS OF FRAUD WITH SUFFICIENT PARTICULARITY.

Generally, Rule 8 of the Guam Rules of Civil Procedure ("GRCP") provides, in relevant part that "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo Finance Corp. ("Taitano I")*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard" that is that "a complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id*. at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51.

Fraud claims are an exception to the general standard. Fraud claims are special matters that are subject to a heightened pleading standard. *Ukau*, 2016 Guam 26 ¶ 35. GRCP Rule 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with *particularity*" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred *generally*." *Id.*; citing Guam R. Civ. P. 9(b)(emphasis added). Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading state. *Id.* at ¶ 47; citing *Taitano I.*, 2008 Guam 12 ¶ 16. "Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.*; citing *Taitano I*, 2008 Guam 12 ¶ 16. The standard is also known as the "who, what, when, where, and how" requirement. *Id.* ¶ 47.

The elements of fraud include: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Taitano I*, 2008 Guam 12 ¶ 12. "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Id.* ¶ 15. Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9 (b). *Id.*

In its April 15, 2022, Decision and Order, this Court did a thorough analysis of Plaintiff's Verified Complaint and found that Plaintiff plead the elements of fraud with sufficient particularity. Given the substantial and virtually identical allegations in Plaintiff's First Amended Verified Complaint, the Court adopts and incorporates its analysis as it relates to sufficiently pleading the elements of fraud in its April 15, 2022, Decision and Order here. *See* Decision & Order pp. 2 – 5 (April 15, 2022). As such, the Court finds that Plaintiff pleads the elements of fraud with sufficient particularity in his First Amended Verified Complaint. The Court turns to identify when the statute of limitations for Plaintiff's fraud claim begins.

## II. THE APPLICABLE STATUTE OF LIMITATIONS FOR PLAINTIFF'S FRAUD CLAIM BEGAN ON MARCH 24, 2014.

The three-year statute of limitations for fraud claims is set forth in Title 7 GCA section 11305, which states in relevant part:

> (d) An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued *until the discovery by the aggrieved party of the facts constituting the fraud or mistake.*

7 GCA § 11305(d)(emphasis added). The Supreme Court has held that the question of "when [Plaintiff] '*discovered*' the [alleged wrongdoing] is important in determining the commencement of the statute of limitations period on any claim that the deed constituted an agreement to convey the property." *See Burkhart v. Miranda*, 2013 Guam 2 ¶ 27 (emphasis added); *see also Taitano I*,

2008 Guam 12 ¶ 28 ("In cases where the exact timing of specific events is critical for determining fraud, lack of precision in alleging dates can be fatal to a pleading."). Therefore, the question becomes when did Plaintiff allegedly discover the wrongdoing. In interpreting the term "discovery" in this context, the Supreme Court has noted that:

> Discovery does not mean actual knowledge. Discovery occurs *when a plaintiff could have discovered the wrongful acts with reasonable diligence.* Reasonable diligence is tested by an objective standard, and when the uncontroverted evidence irrefutably demonstrates that the plaintiff discovered or should have discovered fraudulent conduct, the issue may be resolved by summary judgment.

*Taitano I*, 2008 Guam 12 ¶ 45 (emphasis added); citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 24; *see* also *Burkheart*, 2013 Guam 2 ¶ 26. Further, the Supreme Court has held that "the statute of limitations will begin to run when *the plaintiff suspects or should suspect that his injury was caused by wrongdoing* or that someone has done something wrong to him." *Burkhart*, 2013 Guam 2 ¶ 26 (emphasis added); citing *Taitano I*, 2008 Guam 12 ¶ 45; citing *Gayle*, 2000 Guam 25 ¶ 24. "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, he must decide whether to file suit or to sit on his rights." *Taitano I,* 2008 Guam 12 ¶ 45.; citing *Custodio v. Boonprakong*, 1999 Guam 5 ¶ 24; *see* also *Burkhart,* 2013 Guam 2 ¶ 26.

Here, Defendant directs the Court's attention to *Taitano v. Calvo Financial Corp ("Taitano II").*, 2009 Guam 9, for two contentions: (1) the validity of the duty imposed by constructive notice as to matters of recorded title; and (2) the requirement for sufficient facts showing that the statute of limitations has not run. *See* Def's Mot. pp. 7, 5 (April 29, 2022). The Court addresses each in turn as they relate to identifying and pleading jurisdiction in terms of the statute of limitations.

### a. Plaintiff was on constructive notice, such that he should have suspected that his injury was caused by wrongdoing.

First, in identifying when the relevant statute of limitations is alleged to have commenced—that is when *the plaintiff suspects or should suspect that his injury was caused by wrongdoing*—Defendant calls attention to the validity of constructive notice. *See* Def's Mot. p 7 (April 29, 2022).

Constructive notice means "notice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of." *Taitano II*, 2009 Guam 9 ¶ 29; citing Black's Law Dictionary 1089 (7ᵗʰ Ed. 1999). In *Taitano II*, the Supreme Court recognized that "a recorded deed that appears in the chain of title would almost certainly be discoverable through diligent inquiry." *Id.* at ¶ 28.

Here, Plaintiff alleges the following in paragraphs 7 and 9:

> On or about March 24, 2014, Defendant caused a Deed to be filed at the Department of Land Management for Parcel I as Instrument Number 863075 whereby Plaintiff is the purported grantor and Defendant is the purported grantee.
> …
> On or about March 24, 2014, Defendant cause a Deed to be filed at the Department of Land Management under Instrument Number 863080 for Parcel II whereby Plaintiff is the purported grantor and Defendant is the purported grantee.

First Amend. V. Compl. p. 2 (April 20, 2022). Then in paragraph 12, Plaintiff alleges that:

> Plaintiff discovered upon oresentation [sic] of the herein described documents with advice on or about November 29, 2019, sufficient facts to form his good faith belief that Defendant committed each fraud as described with particularity herein and above.

*Id.* at p. 3. It appears that the first incident in which Plaintiff could have discovered the wrongful acts with reasonable diligence such that he suspected or should have suspected that his injury was caused by wrongdoing, was on March 24, 2014, when Defendant is alleged to have recorded the deeds. *See Taitano I*, 2008 Guam 12 ¶ 45 (emphasis added). This would have put Plaintiff on constructive notice of the purported deeds. It was at that moment, on March 24, 2014, when the

statute of limitations is said to begin, and Plaintiff was to decide whether to file suit or to sit on his rights. *See Id.* Now, that the beginning of the statute of limitations has been identified, the next inquiry is whether Plaintiff properly alleged this Court's jurisdiction as it relates to the statute of limitations.

### III. PLAINTIFF FAILS TO PROVIDE A SHORT AND PLAIN STATEMENT OF THE COURT'S JURISDICTION AS IT RELATES TO THE STATUTE OF LIMITATIONS.

Defendant next argues that *Taitano II* supports the requirement that Plaintiff must plead sufficient facts to show that the statute of limitations has not run. *See* Def's Mot. p 5 (April 29, 2022).

The defendant in *Taitano II* relied on *Amsden v. Yamon*, 1999 Guam 14. *See Taitano II*, 2009 Guam 9 ¶ 26. Therefore, before discussing *Taitano II* this Court briefly turns its attention to *Amsden*. In *Amsden*, the plaintiff appealed the lower court's decision granting summary judgment due to the claim being time-barred by the relevant statute of limitations. *Amsden*, 1999 Guam 14 ¶ 1. The lower court reasoned that summary judgment was appropriate because the plaintiff "failed to plead specific acts to justify her failure to file the initial Complaint within two years." *Id.* at ¶ 11. The Supreme Court then applied the standard in *Ponderosa v. Ramon*, as reflected below:

> When a complaint shows on its face or on the basis of judicially noticeable facts that the cause of action is barred by the appliable statute of limitations, the plaintiff must plead facts which show an excuse, tolling, or for some other basis for avoiding the statutory bar.

*Id.* at ¶ 12; citing *Ponderosa v. Ramon*, 23 Cal. App. 4th 1761, 1768 (Cal. App. 1994). The Supreme Court further noted that the plaintiff omitted any reference to the date of the accident giving rise to the cause of action. *Id.* at ¶ 13. As such, the Supreme Court held that the standard in *Ponderosa* applied in light of the fact that "judicially noticeable facts," namely the date of the accident was relayed orally in court, alerted the trial court to the action's untimeliness. *Id.*

Turning back to *Taitano II*, the Supreme Court interestingly states that "neither *Amsden* nor *Ponderosa* should be read as establishing a heightened pleading requirement for jurisdictional issues." *Taitano II*, 2009 Guam 9 ¶ 27. Instead, the Supreme Court held that "*Amsden* stands for the proposition that a pleading should affirmatively indicate the source of the court's jurisdiction to hear the case." *Id.* The Supreme Court further held that the plaintiff satisfied that standard of affirmatively indicating the source of the court's jurisdiction. The Supreme Court noted that the plaintiff's complaint specifically indicated the reason that the one-year statute of limitations should not apply, as reflected below:

> 19. The Land Registration Decree purportedly granted to [the defendants] *was void and hence not subject to 21 GCA § 29146 one[-]year statute of limitations* as [the plaintiffs] were without notice and lacked any due process with respect to any prior Land Registration process.

*Id.* (emphasis added). The Supreme Court noted that *Taitano II* is a "stark contrast to *Amsden* in that the plaintiff [in *Amsden*] made no attempt to indicate in the complaint why the statute of limitations should not apply." *Id.* Finally, the Supreme Court held that a "short plain statement" is required for a jurisdictional statement as for the claim itself. *See Id.* at ¶ 30; citing Guam R. Civ. P. 8(a). "While fraud claims must be plead with particularity, there is no such requirement for … that statement of why the statute of limitations should not apply." *Id.*; citing Guam R. Civ. P. 8(a) and 9(b). In other words, the standard to pleading the Court's jurisdiction as it relates to the statute of limitations is to provide a short and plain statement that the court *has* jurisdiction.

The Court now analogizes the instant matter to *Taitano II* and *Amsden*. Put simply, the instant matter is less like *Taitano II*, and more like *Amsden*, in terms of how Plaintiff pleads this Court's jurisdiction. The plaintiff in *Taitano II* provided a short and plain statement as to why the statute of limitations, in that case, did not apply at the forefront of that complaint. In contrast, the

plaintiff in *Amsden* failed to plead specific acts to justify her failure to file the initial complaint within the statute of limitations.

Here, it has been established that the relevant statute of limitations commenced on March 24, 2014, as discussed above. Therefore, the statute of limitations is said to expire three years from that March 24, 2014, day. *See* 7 GCA § 11305(d). Here, Plaintiff alleges that:

> On or about March 24, 2014, Defendant caused a Deed to be filed at the Department of Land Management for Parcel 1 as Instrument Number 863075 whereby Plaintiff is the purported grantor and Defendant is the purported grantee[;]
> …
> On or about March 24, 2014, Defendant caused a Deed to be filed at the Department of Land Management under Instrument Number 863080 for Parcel II whereby Plaintiff is the purported grantor and Defendant is the purported grantee[;]

without providing any short and plain statement justifying his failure to file his complaint within the three-year statute of limitations. *See* 7 GCA § 11305(d). Hence, Plaintiff in the instant matter is more reflective of the plaintiff in *Amsden*. Therefore, even with the general notice pleading standard of providing a "short plain statement for a jurisdictional statement," Plaintiff still fails to allege this Court's jurisdiction as it relates to the statute of limitations for a claim of fraud. *See Taitano II*, 2009 Guam 9 ¶ 30; citing Guam R. Civ. P. 8(a). The face of the First Amended Complaint reflects that this Court lacks jurisdiction because the statute of limitations expired on or about March 14, 2017—three years from the date Plaintiff was on constructive notice of the purported deeds and should have suspected wrongdoing. Even in viewing the First Amended Complaint in a light most favorable to Plaintiff as the non-moving party, this Court lack jurisdiction as the statute of limitations has expired.

As such, the Court finds that while Plaintiff pleads the elements of fraud with sufficient particularity, Plaintiff failed to provide a short and plain statement of the Court's jurisdiction as it relates to the statute of limitations for fraud.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim.

**IT IS SO ORDERED** ___SEP 13 2022___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam